MILLER, Respondent, v. MARTY, Appellant

(9 N. W.2d 148.)

(File No. 8562. Opinion filed April 19, 1943.)

Rehearing Denied July 3, 1943.

**Dan McCutcheon,** of Belle Fourche, for Appellant.

**T. B. Thorson,** of Rapid City, for Respondent.

RUDOLPH, J. The plaintiff brought this action based upon the following complaint:

"I. That on or about the 17th day of February, 1939, the plaintiff entered into a contract with the defendant, whereby the plaintiff agreed to purchase of the defendant

approximately nine hundred (900) feeder lambs and to pay therefor the sum of $8.05 per hundred weight, and the defendant agreed to sell such lambs to the plaintiff at the above described price, and to deliver said lambs to the plaintiff on or about the 23rd of February, 1939 at the Sugar Factory Yards at Belle Fourche, South Dakota: that a copy of said contract is as follows, to-wit:

" 'Frank S. Miller of Clarence, Iowa hereby agrees to purchase approximately 900 feeder lambs. of Wm. Marty of Strool, So. Dak. for $8.05 per hundred weight. The lambs are now on feed at the old Smiley Ranch and after 240 to 300 of the heavy fat lambs are cut out the balance are to be trailed to the Sugar Factory Yards in Belle Fourche and weighed after a two hour rest on February 23, 1939. The purchaser agrees to take all lambs not crippled at the stipulated price after they have been trailed to the yards. In the event of stormy weather and it is impossible to deliver the lambs on the above date it is mutually agreed that a later delivery date will be agreeable to both parties.

" 'The receipt of a check of $1,000.00 drawn on the Tipton State Bank of Tipton, Iowa is hereby acknowledged as a down payment for the purchase of the lambs.

" 'Witnesses:

" 'G. Q. Runkel          Wm. Marty
" 'F. M. Fladmoe         Frank S. Miller' "

"II. That at the time of the execution of said contract the plaintiff paid to the defendant the sum of one thousand dollars ($1000.00) on the purchase price of said lambs.

"III. That the defendant wilfully and wrongfully failed, neglected and refused to deliver to the plaintiff on February 23rd, 1939, or at any other time at said Sugar Factory Yards in the City of Belle Fourche, South Dakota, or at any other place, but did at said time and place offer to deliver to the plaintiff nine hundred seventy eight (978) lambs and that upwards of one hundred of said lambs so offered were not feeder lambs but were in fact fat lambs; that the plaintiff offered to accept approximately nine hun-

dred (900) of said lambs which were feeder lambs, but the defendant refused to deliver any of said lambs to the plaintiff unless he would take all of said fat lambs in addition to the feeder lambs and this the plaintiff refused to do; that in fact the defendant never did deliver or offer to deliver to the plaintiff the said feeder lambs specified in said contract or any other number of feeder lambs at the time and place specified in said contract or at any other time and place.

"IV. That by reason of the defendant's failure and refusal to deliver said feeder lambs to the plaintiff as per the terms of said contract, the plaintiff suffered damages in the sum of one thousand dollars, no part of which has been paid.

"V. That in addition to the damages set out in paragraph IV. herein the defendant has retained and still retains the said sum of one thousand dollars paid to him by the plaintiff at the time of the execution of said contract as part payment for said lambs, and the defendant refuses to repay said one thousand dollars or any part thereof. That the plaintiff has demanded the repayment by the defendant of said one thousand dollars prior to the commencement of this action but the defendant wilfully, wrongfully and illegally refuses to repay said one thousand dollars or any part thereof and that because of the defendant's said refusal to repay said money the plaintiff has suffered additional damages in the sum of one thousand dollars, no part of which has been paid.

"Wherefore, The plaintiff demands judgment against the defendant for the sum of Two Thousand Dollars ($2000.00) together with interest thereon at the rate of six percent (6%) per annum from February 17th, 1939, and for his costs and disbursements herein."

The defendant answered and alleged that the contract set out in the complaint was breached by the plaintiff and by means of a counterclaim sought to recover damages from the plaintiff. The case was tried before a jury and the facts disclose that following the execution of the contract set out in the complaint, a dispute arose between the plaintiff and

the defendant and as a result thereof the purchase and sale of the sheep was never consummated. There was a direct conflict in the evidence as to whether the plaintiff or the defendant breached the contract. There was a direct conflict in the evidence upon the question of damages, the plaintiff contending that at the time the contract was breached the sheep market had gone up and the defendant contending the market had gone down. We have read the transcript with care and are of the opinion that the case was tried and the evidence submitted upon the theory that the action was one for the recovery of damages based upon a breach of contract. The trial court in its Instruction No. I instructed the jury as follows: "The plaintiff in this action, Frank S. Miller, by a complaint filed in this court, seeks to recover from the defendant, William Marty, damages which plaintiff claims to have suffered as a result of an alleged breach of a contract whereby the defendant agreed to sell and deliver to the plaintiff approximately nine hundred head of feeder lambs on February 23, 1939, at the Sugar Factory yards in Belle Fourche, South Dakota, at the price of $8.05 per hundred weight. The plaintiff claims that the defendant wrongfully failed to make delivery of feeder lambs as by said contract required of the defendant."

From the above, we think it clear that this action was brought, tried, and submitted to the jury as an action to recover damages for the breach of a contract.

On the measure of the plaintiff's damages the court instructed the jury as follows: "If you find from the evidence in this case that the defendant wrongfully failed to make delivery of feeder lambs as required of him in his agreement with the plaintiff, it will be your duty as jurors to return a verdict for the plaintiff in the sum of $1,000.00, with interest thereon at the rate of six per cent per annum from the 17th day of February, 1939." This instruction was excepted to by the defendant for the reason that it was not a proper instruction on the measure of damages. This instruction and the exception presents the issue to be decided by this court.

The jury returned a verdict in favor of the plaintiff for $1,000, thereby accepting the version of the plaintiff as to the breach of the contract and finding that the defendant refused to deliver the sheep as he had agreed. It was apparently the trial court's view that plaintiff's measure of damages was the down payment that he had made. With this view we are unable to agree. Our statute SDC 54.0167 provides:

"Action for failing to deliver goods.

"(1)  Where the property in the goods has not passed to the buyer, and the seller wrongfully neglects or refuses to deliver the goods, the buyer may maintain an action against the seller for damages for nondelivery.

"(2)  The measure of damages is the loss directly and naturally resulting in the ordinary course of events, from the seller's breach of contract.

"(3)  Where there is an available market for the goods in question, the measure of damages, in the absence of special circumstances showing proximate damages of a greater amount, is the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered, or, if no time was fixed, then at the time of the refusal to deliver."

It is clear that under this statute the down payment made by plaintiff is not the proper measure of damages. The record fairly establishes that the type of sheep purchased by plaintiff had a market value, and that Belle Fourche was an available market. Had the market value of these sheep at the time fixed for delivery declined, plaintiff's loss because of the defendant's failure to deliver would obviously have been less than had the market increased. The statute fixes the damage at the loss directly and naturally resulting from the seller's failure to deliver the goods. For goods which have a market value this loss cannot be determined without taking into consideration the difference between the contract price remaining unpaid and the market value at the time the goods were to be delivered. Whether other elements of damage might enter in we need not now decide.

Sufficient now to decide is that it was error to arbitrarily fix plaintiff's damage in the amount of the down payment without giving any consideration to the market value of the sheep at the time agreed upon for delivery. Neither can we determine that arbitrarily fixing plaintiff's damage at $1,000 was without prejudice to the defendant. Defendant's evidence showed a sharp decline in the market price of these sheep. Under the instructions of the court it was possible for the jury to believe that the market declined below the contract price and yet give no effect thereto, because, under these instructions, the amount of plaintiff's damage was fixed.

Respondent has cited the case of Sheafe v. Zastrow, 30 S. D. 159, 138 N. W. 16, 18. That case simply held, under the evidence there presented, the jury might find that the goods sold were worthless and the buyer's damage was "at least the amount paid by him on the purchase price." The cited case did not hold that the measure of damages of the buyer for a breach of contract is the amount paid on the purchase price. Respondent has also cited a number of decisions from jurisdictions other than South Dakota relating to recision of a contract and recovery of the price paid. Sufficient response to the cited cases is to state that this is not an action for recision or based upon a recision of a contract but is an action to recover damages for breach of contract.

The judgment appealed from is reversed.

All the Judges concur.